**Ex. "2"**

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

DONNA BROWN,
    Plaintiff,
v.
HODGES MOTOR COMPANY, LLC,
a Florida corporation, and DANIEL HODGES,
individually,
    Defendants.
_____/

CASE NO.: 16-2021-CA-000288
DIV:  CV-D

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DONNA BROWN (hereinafter Plaintiff), hereby sues Defendants, HODGES MOTOR COMPANY LLC (hereinafter HMC), and DANIEL HODGES (hereinafter HODGES), individually, and alleges:

1. This is an action for damages which exceeds the amount of Thirty Thousand Dollars ($30,000.00), inclusive of interest, costs and attorneys fees.

2. At all times material hereto HMC operated and continues to conduct business in Jacksonville, Duval County, Florida, and is authorized to do business in the State of Florida.

3. At all times material, and to the best knowledge and belief of the undersigned, Hodges was and remains a resident of the state of Florida.

4. All facts material to the above styled action occurred in, or originate in, Jacksonville, Duval County, Florida.

5. The Plaintiff was employed by HMC and Hodges, all within the last three (3) years, as an employee.

**COUNT I: CLAIMS FOR UNPAID OVERTIME AS TO HMC**

6. Plaintiff was hired as an assistant controller on or about June, 2018.

7. Plaintiff was hired to work from Monday - Friday from 8:00 - 5:00, with an hour for lunch, which would result in Plaintiff working a forty (40) hour per week schedule.

8. Plaintiff routinely worked through the lunch hour, a fact which was known to agents and/or employees of HMC and HODGES. Plaintiff was never told by and any agent and/or employee of HMC and HODGES that she could not work through her lunch hour.

9. During all times material, Plaintiff worked approximately sixty (60) hours per work week with the knowledge of agents and/or employees of HMC and HODGES. Plaintiff was never told by any agent and/or employee of HMC and HODGES that she could not work more than forty (40) hours per week.

10. During all times material, Plaintiff was not instructed by any agent and/or employee of HMC and HODGES to utilize any time recording device to keep track of the hours that she worked.

11. During all times material, Plaintiff did not supervise, manage or was responsible in any way for any other employee of HMC and HODGES.

12. During all times material, Plaintiff was engaged in interstate activity which was regular and recurrent as HMC and HODGES operated three automobile dealerships, Plaintiff's assigned job duties consisted of performing functions for all three dealerships and one of the dealerships owned and operated by HMC and HODGES is located in the state of Georgia.

13. HMC and HODGES, during all times material, had employees engaged in commerce, and had employees otherwise working on goods or materials that have been moved in or produced for commerce, and had an annual gross volume of sales of at least $500,000.00.

14. At all times material hereto, HMC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Fair Labor Standards Act of 1938, as amended (hereinafter the "Act") and thereby subject to revisions of that Act relating to the payment of overtime wages to its employees.

15. During the previous three (3) years, Plaintiff was employed by HMC and HODGES in positions of employment that were not subject to any exemption from the overtime wage provisions of the Acts.

16. During all times material, HMC and/or HODGES failed and/or refused to post information regarding the Plaintiff's rights and obligations under the FLSA.

17. HMC and/or HODGES has violated the overtime wage provisions of the Act by reason of a failure to pay the Plaintiff overtime wages for hours worked during any designated work week which exceeded forty (40) during any given workweek.

18. HMC and HODGES' violation of the Act has been a continuing violation for a period that exceeds the period of employment of the Plaintiff which violations preceded the filing of this Amended Complaint.

19. HMC and HODGES' failure to pay overtime wages to the Plaintiff required under the provision of the Act constitutes a willful violation of the Act thereby permitting Plaintiff to recover unpaid overtime wages plus liquidated damages for a period of up to three (3) years. HMC and HODGES has demonstrated a willful intent to violate the Act and has no reasonable basis for failing and refusing to pay the Plaintiff overtime wages.

20. Plaintiff has retained the undersigned counsel and has agreed to pay a reasonable fee for his services herein.

**WHEREFORE**, Plaintiff demands judgment against HMC for statutory and liquidated

damages, prejudgment interest, costs and reasonable attorney's fees, and any further relief the Court deems just and proper.

### COUNT II: CLAIMS FOR UNPAID OVERTIME AS TO HODGES

Plaintiff realleges and adopts by reference numbered paragraphs 1- 20, and further alleges:

21. HODGES, during all times material, was a partner and Chief Executive Officer of HMC with operational control of HMC.  As a partner and Chief Executive Officer with operational control, HODGES is an "employer" subject to individual liability under the FLSA.

22. Because HODGES, during all times material, held operational control of HMC, he is jointly and severally liable for any overtime compensation due and owing to Plaintiff as alleged herein.

23. Plaintiff has retained the undersigned counsel and has agreed to pay a reasonable fee for his services herein.

**WHEREFORE**, Plaintiff demands judgment against HODGES for statutory and liquidated damages, prejudgment interest, costs and reasonable attorney's fees, and any further relief the Court deems just and proper.

### COUNT III: AGE DISCRIMINATION AS TO HMC

Plaintiff realleges paragraphs 1 -5, as if fully set forth herein and further alleges:

24. Plaintiff was hired by HMC as an assistant controller on or about June, 2018.

25. On March 16, 2020, Kristin Sagesse (late 30's) was hired as controller and was to replace the current controller.

26. Later that same day, on March 16, 2020, Plaintiff spoke to Stephanie Hall, Human Resources (mid 40's),  and inquired as to why she, Plaintiff, didn't get the position of controller which was given to Ms. Sagesse.  Ms. Hall said she would get back to

Plaintiff.

27. On April 7, 2020, Carla Capron, controller, voluntarily resigned.

28. It was never announced that Ms. Capron was leaving, so no one would have known the position was available, nor was the position posted at all so that Plaintiff could have applied for the position.

29. Around the end of April, 2020, Plaintiff still had not received an answer from Ms. Hall regarding why she, Plaintiff, had not been given the position of Controller after Ms. Capron left, so Plaintiff inquired again of Ms. Hall. Ms. Hall then stated to Plaintiff "we didn't think you would want the position because you are trying to retire soon and didn't want the hours."

30. At no time had Plaintiff told anyone employed by Defendant that she was retiring soon nor that she did not want the hours or the position of Controller left vacant by the departure of Ms. Capron.

31. Plaintiff then inquired of Ms. Hall "it's because of my age isn't it?" and Ms. Hall nodded her head affirmatively in response.

32. On May 21, 2020, Plaintiff received a phone call from Ms. Sagesse, with Ms. Hall also on the line. Ms. Sagesse indicating that she was issuing Plaintiff a "write up" for being behind on her job duties.

33. During all times material and leading up to this "write up," Ms. Sagesse knew that Plaintiff was working 2 desks, learning a new computer system and answering all of Ms. Sagesse's questions each day as Ms. Saggese was new in her job and relied heavily on Plaintiff to help get her up to speed on her duties.

34. While Plaintiff had repeatedly advised Ms. Saggese the month previous to this "write up" that her workload was heavy, she was working many more hours than anticipated

just to keep up, Ms. Sagesse never offered to help Plaintiff even though Ms. Saggese routinely provided assistance to Amanda Sims (mid 30's).

35. All of the other employees in the office were also behind but they did not get written up even though their workloads were lighter than Plaintiff's workload.

36. In spite of the allegations in the write-up, Ms. Saggese continued to heavily rely on Plaintiff to train her on how to do her job, asking many questions each day.

37. On May 26, 2020, Plaintiff requested a meeting with Mr. Hodges at which meeting Plaintiff explained to Mr. Hodges what had been happening related to her being overly burdened with multiple tasks which were substantially more than before Ms. Capron left as well as the disparities in treatment suffered by Plaintiff as compared to her younger co-workers.

38. Ignoring Plaintiff's concerns, instead Mr. Hodges advised Plaintiff that "he hired a cleaning company because of [Plaintiff] me." Mr. Hodges also stated that "the work from home had been lifted and why wasn't [Plaintiff] I back to work?" Plaintiff also told Mr. Hodges what a disaster the office was because Ms. Saggese didn't know what she was doing and then inquired as to why she, Plaintiff, was the only one to be written up when the other girls were also behind but not written up. Again, Mr. Hodges made no reply.

39, On June 17, 2020, all employees were sent home because two (2) of the employees tested positive for COVID-19.

40. On June 29, 2020, Plaintiff returned to work along with all the other employees, and worked for about an hour, when Ms. Saggese called Plaintiff into her office and told Plaintiff that she was being terminated because she "thought I was working from home" even though she knew Plaintiff was not working from home.

41.  Stephanie Armbruster, (age about 30), replaced Plaintiff.

**COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (DISCRIMINATION)**

Plaintiff realleges paragraphs 1 - 5, and 24 - 41, as if fully set forth herein and further alleges:

42.  This is an action brought on the basis of an unlawful discriminatory practice relating to the Plaintiff's age.

43.  Section 760.10(1)(a), *Florida Statutes*, states that it is an unlawful employment practice for an employer.... to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's...age.

44.  On or about August 17, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) which charged was dual filed with the Florida Commission on Human Relations (FCHR). The statutory period of 180 days has passed prior to the filing of the original charge of discrimination. All statutory pre-requisites have been complied with prior to the filing of the original charge of discrimination.

45.  The Charge of Discrimination referred to in the immediately preceding paragraph was filed within three hundred and sixty five (365) days from the date of the last discriminatory act in accord with Chapter 760, *Florida Statutes*.

46.  Over One Hundred and Eighty (180) days has passed from the date of the filing of the charge of discrimination without a determination being made by the FCHR, therefore, no determination of reasonable cause is necessary for the Plaintiff to proceed with this action.

47.  The Plaintiff's age as more fully set forth above was the sole and/or motivating factor which contributed to the discriminatory treatment as alleged above in the terms and

conditions of Plaintiff's employment, including the failure to promote the Plaintiff to the position of Controller and/or the termination of Plaintiff's employment as alleged above.

48. As a direct and proximate result of the actions of its agents and/or employees, while acting in the course and scope of their employment, including the failure to promote Plaintiff to the position of Controller as well as the termination of Plaintiff's employment, Plaintiff has suffered including, but not limited to, lost wages, benefits, past and future, mental anguish, pain and suffering, loss of dignity and harm to reputation.

49. HMC's acts of discrimination were performed with malice and reckless indifference to Plaintiff's protected civil rights. Section 760.11(5), *Florida Statutes*, (1993), provides that punitive damages may be awarded and the provision of Section 768.72 and 768.73, *Florida Statutes*, do not apply.

50. Plaintiff has obligated herself to pay a reasonable attorneys fee with the bringing of this action. Section 760.11(5), *Florida Statutes* provides that a reasonable attorney fee may be awarded to the prevailing party.

**WHEREFORE**, the Plaintiff demands judgment against HMC for compensatory damages, punitive damages, costs, attorneys fees, and any further relief that this Court deems just and proper and demands a trial by jury on all issues so triable.

**COUNT V: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (RETALIATION)**

Plaintiff realleges paragraphs 1 - 5, and 24 - 41, as if fully set forth herein and further alleges:

51. This is an action brought on the basis of an unlawful discriminatory practice relating to the Plaintiff's opposition to discriminatory practices.

52. Section 760.10(7), *Florida Statutes*, states that it is an unlawful employment practice

for an employer..... to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.

53. On or about August 17, 2020, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) which charge was dual filed with the Florida Commission on Human Relations (FCHR). The statutory period of 180 days has passed prior to the filing of the original charge of discrimination. All statutory pre-requisites have been complied with prior to the filing of the original charge of discrimination.

54. The charge of discrimination referred to in the immediately preceding paragraphs was filed within three hundred and sixty five (365) days from the date of the last discriminatory act in accord with Chapter 760, *Florida Statutes*.

55. Over One Hundred and Eighty (180) days have passed from the date of the filing of the charge of discrimination referred to above without a determination being made by the FCHR, therefore, no determination of reasonable cause is necessary for the Plaintiff to proceed with this action.

56. The Plaintiff's opposition conduct as more fully set forth above was the sole or motivating factor which contributed to the discriminatory treatment as alleged above in the terms and conditions of Plaintiff's employment, including but not limited to the termination of Plaintiff's employment with HMC.

57. As a direct an proximate result of the actions of its agents and/or employees, while acting in the course and scope of their employment, including the termination of Plaintiff's employment, Plaintiff has suffered lost wages and benefits, past and

future, mental anguish, pain and suffering and loss of dignity.

58. HMC's acts of retaliatory discrimination were performed with malice and reckless indifference to Plaintiff's protected civil rights. Section 760.11(5), *Florida Statutes*, (1993), provides that punitive damages may be awarded and the provision of Section 768.72 and 768.73, *Florida Statutes*, do not apply.

59. Plaintiff has obligated herself to pay a reasonable attorneys fee with the bringing of this action. Section 760.11(5), *Florida Statutes* provides that a reasonable attorney fee may be awarded to the prevailing party.

**WHEREFORE**, the Plaintiff demands judgment against HMC for compensatory damages, punitive damages, costs, attorneys fees, and any further relief that this Court deems just and proper and demands a trial by jury on all issues so triable.

### COUNT VI: VIOLATION OF CHAPTER 448, *FLORIDA STATUTES*, RETALIATION UNDER THE FLORIDA WHISTLEBLOWER'S ACT

Plaintiff reallges paragraphs 1-5, 24-41, as if fully set forth herein, and further alleges:

60. This is an action for violation of the Florida Private Sector Whistleblower Act, §§ 448.101- 448.105, Florida Statutes.

61. Florida Statute § 448.102 provides in pertinent part that an employer may not take any retaliatory personnel action against an employee because the employee has.........."Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

62. At all times material, Plaintiff was an employee of HMC within the meaning of Florida Statute § 448.101(2).

63. At all times material, Plaintiff was qualified for the position she held and worked diligently during her employment.

64. At all times material, HMC was/is an employer within the meaning of Florida Statute §448.101(3).

65. The activities, policies, and/or practices of Defendant was in violation of laws, rules, and regulations, including, but not limited to, the "General Duty Clause" of the Occupational Health and Safety Act (OSHA).

66. OSHA is a federal law specifically applicable to HMA in the conduct of its business. The "General Duty Clause" is found at 29 U.S.C. §654 and provides:

(a) Each employer--

1. shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees;

2. shall comply with occupational safety and health standards promulgated under this Act.

67. During a conversation with Hodges and Plaintiff, Hodges made it known to Plaintiff that he was not pleased with Plaintiff's prior comments regarding COVID and the fact that the business premises of HMS were not being well maintained nor was the safety of the employees being considered.

68. In response to Plaintiff's concerns regarding COVID in HMS' workplace, Hodges replied, that "he hired a cleaning company because of [Plaintiff] me." Hodges also stated that "the work from home had been lifted and why wasn't [Plaintiff] I back to work?" Prior to that time, Plaintiff was not requested to return to the office.

69. Plaintiff attempted to explain further to Hodges how Ms. Saggese had been mis-treating her since Ms. Saggese was hired and Hodges did not respond. Plaintiff also told Hodges what a disaster the office was because Ms. Saggese didn't know what

she was doing and inquired why she, Plaintiff, was the only employee being disciplined even though the other employees were behind in their duties. Again, Hodges made no reply, seemingly only focused on issues regarding Plaintiff's concerns about COVID.

70. On June 29, 2020, Plaintiff suffered an adverse employment action; namely, termination of her employment, thereby terminating Plaintiff's salary and other employment benefits.

71. Plaintiff was terminated for objecting to policies, practices and activities of HMS, through the actions of agents and/or employees of HMS, which were actual violations and/or Plaintiff had a good faith, reasonable belief, that said actions of HMS, through the actions of agents and/or employees of HMS, were in violation of the laws set forth in paragraph 66, *supra*, as herein alleged.

72. Plaintiff's discharge was in close temporal proximity to her aforementioned objections.

73. HMS' actions as described above violated Florida Statute § 448.102 and constituted a prohibitive employment practice.

74. As a result of HMS' violations of the Florida Whistleblower Act, Plaintiff has been damaged.

75. Plaintiff has retained the undersigned attorney to assist her in the prosecution of this action and is obligated to pay said attorney a reasonable fee for his services. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to §448.104, Florida Statutes.

WHEREFORE, Plaintiff demands judgment for damages, including attorneys fees and costs, and all other relief the court deems just and proper and demands a trial by jury on all issues.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

RESPECTFULLY SUBMITTED,

/s/ David B. Sacks, Esquire
DAVID B. SACKS, ESQUIRE
Fla. Bar No.: 0964409
P.O. Box 50159
Jacksonville, FL 32240
Tele: (904) 634-1122
Fax: (904) 355-8855
Email: david@sackslegal.com
Attorney for Plaintiff